UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTIAN GONZABAY and MANUEL BERREONDO,<br><br>　　　　　　　　　　　　　　Plaintiffs,<br><br>- against -<br><br>CAPRI SOUTH ISLAND PIZZA CORP. d/b/a CAPRI PIZZA & PASTA and/or any other entities affiliated with or controlled by CAPRI SOUTH ISLAND PIZZA CORP., and ANGELO MACCHIA, individually.<br>　　　　　　　　　　　　　　Defendants. | Case No.:<br>15-cv-07553(CS) |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement ("Agreement") is entered into by the undersigned counsel for CHRISTIAN GONZABAY and MANUEL BERREONDO and his respective heirs, executors, administrators, successors and assigns ("Plaintiffs") and CAPRI SOUTH ISLAND PIZZA CORP. d/b/a CAPRI PIZZA & PASTA ("Capri") and ANGELO MACCHIA (collectively referred to as "Defendants").

*WHEREAS*, Defendants and Plaintiffs understand and agree that Defendants deny each allegation of wrongdoing heretofore asserted by Plaintiffs in this litigation, including, but not limited to, all such allegations contained in Plaintiffs' pleadings, including the Complaint and Amended Complaint, filed in the United States District Court for the Southern District of New York, No. 15CV07553 (CS) (hereinafter, the "Lawsuit"), and/or in any other papers filed or served by or on behalf of the Plaintiffs in this action; and

*WHEREAS*, Plaintiffs and Defendants (collectively referred to hereinafter as the "Parties") understand and agree that neither the making of this Settlement Agreement, nor anything contained herein shall, in any way, be construed or considered to be an admission by Defendants of liability or non-compliance with any of Defendants' policies, procedures, federal,

1

state, or local statute, constitution, public policy, antidiscrimination law, wage-hour law, wage-payment law, tort law, contract, collective bargaining agreement, common law, or any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever, and

*WHEREAS*, no administrative agency or Court has made any findings as to the merits of the claims asserted by Plaintiffs in the Lawsuit; and

*WHEREAS*, Plaintiffs with full advice of counsel, freely knowingly and voluntarily enter into this Settlement Agreement and release Defendants from all New York Labor Law and Fair Labor Standards Act (hereinafter "FLSA") related claims, in exchange for the promises exchanged herein; and

*WHEREAS*, the terms and implications of this Settlement Agreement have been explained to the Parties by their respective counsel; and

*NOW THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE UNDERSIGNED PARTIES THAT:*

1. In exchange for the promises made by Defendants in Paragraph 2 below:

    a.  Except as may be prohibited by statute, Plaintiffs shall not institute or be represented in, nor shall he submit or file, or permit to be submitted or filed on their behalf, any lawsuit, charge, claim, complaint or other legal action or proceeding against Defendants, their affiliates and insurers, and the current and former employees, officers, directors, trustees, governors, administrators, executors, agents, legal representatives, employee benefit plans, fiduciaries, predecessors, successors and assigns of each, both individually and in their official capacities (collectively referred to herein as "Releasees"), based upon any conduct occurring up to and including the date Plaintiffs execute this Settlement Agreement, whether an individual action or a class action, with any administrative agency, court or other form, under any federal,

state, city, local or other laws, rules, regulations, codes or guidelines;

      b.     Plaintiffs shall not, in any way, assist any individual in commencing or prosecuting any action or proceeding against Defendants or any Releasee, including, but not limited to, any complaint and/or any lawsuit, counter-claim, or cross-claim in federal, state or local court, or arbitration proceeding, or in any way participate or cooperate in any such action or proceeding, and shall not accept any relief or recovery therefrom. This prohibition applies to every stage of any proceeding, including any charge, complaint, trial, pretrial preparation, pre-litigation fact gathering, and bars Plaintiffs from testifying, providing documents or information, advising, counseling or providing any other form of assistance to any person who wishes to make or who is making any claim against Defendants or any Releasee, except in an investigation or proceeding conducted by the U.S. Equal Employment Opportunity Commission, the U.S. Department of Labor, the New York State Department of Labor, or any other agency of the United States government, by order of a court of competent jurisdiction, or if otherwise prohibited by law. Plaintiff understands and agrees that the Settlement Amount (described in Paragraph "2" below) is in full satisfaction of and exceeds any and all obligations Defendants may have with respect to Plaintiffs' claims for alleged unpaid wages, liquidated damages, interest and attorney's fees under the wage and hour provisions of the New York State Labor Law, the Fair Labor Standards Act, and any other applicable wage hour and wage payment laws, rules or regulations for anything that has occurred up to the date Plaintiffs execute this Settlement Agreement. Plaintiffs affirm that, other than the claims alleged herein, they have reported all hours they worked while employed by Defendants, and that they have been paid and/or have received all compensation, wages, bonuses, commissions, severance, sick leave, vacation, personal or other paid time off, and/or any other benefits to which they may have been

entitled as a result of their employment with Defendants. Plaintiffs further affirm that: (1) they have no known workplace injuries or occupational diseases, (2) they have not been retaliated against for reporting any allegations of wrongdoing or fraud against Defendants, any of Defendants officers or any other Releasee and (3) they are not currently aware of any possible claims that could be asserted by them against Defendants related to their employment with Defendants. Plaintiffs also affirm that they have not alleged that any of Defendants' decisions regarding their pay and benefits during their employment through the date of their separation of employment were discriminatory based on age, disability, race, color, sex, religion, national origin or any other classification protected by law. Plaintiffs hereby completely release all statutory, contract, tort and all other claims against Releasees and release and forever discharge Releasees to the fullest extent permitted by law from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, bonuses, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, obligations, grievances, claims, charges, complaints, claims for attorneys' fees and/or costs, and demands whatsoever, in law or in equity, known or unknown, which Plaintiffs, Plaintiffs' heirs, executors, administrators, successors and/or assigns may now have or hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever against Releasees based upon any conduct occurring from the beginning of the world up to and including the day of the date of this Agreement for conduct set forth in the Lawsuit including, claims arising under or pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and New York Labor Law, and its governing regulations.

    c.    Plaintiffs agree that they will not apply in the future for employment with Releasees because of, among other things, irreconcilable differences with Releasees, and further

agrees that if he becomes employed in contravention of this provision, Releasees shall have the right, in their sole discretion, to terminate Plaintiffs' employment, and that such action shall not form the basis for any litigation against any of the Releasees.

2. In exchange for the promises made by Plaintiffs contained herein:

a. Defendants will pay to Plaintiffs through his counsel, the total settlement sum of Fifty Thousand Dollars and No Cents ($50,000.00) ("the Settlement Amount").

## TERMS OF SETTLEMENT

### 1. Settlement Amount

In consideration of this Agreement and Release and withdrawal of the lawsuit Plaintiffs filed in the United States District Court for the Southern District of New York, Case No. 15-CV-7553(CS), and in compliance with the promises, covenant, conditions and agreements made herein, Defendants agree to pay Plaintiffs Gonzabay and Berreondo the total gross sum of Fifty Thousand dollars ($50,000.00) inclusive of all costs and attorneys' fees (hereinafter referred to as the "Settlement Amount").

The entire sum shall be due on or before May 29, 2016, and shall be transmitted to Leonor H. Coyle, Esq., Virginia & Ambinder LLP, 40 Broad St., 7th Floor, New York, NY 10004, in time to be received on or before the due date. Payment shall be in the form of a check payable to "Virginia & Ambinder LLP IOLA."

It is understood that, if the Court has not approved this Settlement Agreement by the payment date listed below, Employees' counsel shall hold the checks in escrow and not deposit the checks until such Court approval is granted. If the Court does not approve this Settlement Agreement, Employees' counsel is to immediately return any part of the Settlement Sum that Employees' counsel has already received as part of this Settlement Agreement.

## 2. Consent Judgment

It is further agreed that pursuant to this Agreement between the parties, the parties shall sign and file a Consent Judgment in the form annexed hereto as Exhibit 1 with the United States District Court for the Southern District of New York. The Clerk of Court is herewith authorized to enter judgment upon Plaintiffs' application in accordance with the terms of the Consent Judgment in the amount of $50,000.00, including Liquidated Damages, reasonable professional fees, and costs associated with the enforcement, less any amount paid by Defendants pursuant to this Settlement Agreement. So long as Defendants adhere to the terms and conditions of this Agreement, Plaintiffs shall take no action to enforce the Consent Judgment by any other means. The Consent Judgment will not be filed until there is a default and cure has not been achieved. This Consent Judgment will be held in escrow by Plaintiffs' attorneys.

## 3. Failure to Make Payment

If Defendants fail to make the required payment under this Agreement on or before the date specified above, Plaintiffs' counsel shall notify Defendants' counsel, Joseph A. Maria, Esq. in writing by either facsimile or electronic mail of the deficiency. Upon receipt of the notice, Defendants shall have ten (10) business days to cure the deficiency. In the event Defendants fail to cure said deficiency within ten (10) business days from receiving notice of the default, the entire unpaid balance of the Settlement Amount shall become accelerated and immediately due, less any amounts paid by Defendants. The Plaintiffs shall be permitted, without any further notice, to file a certification informing this Court of such failure. Upon the filing of such certification, Plaintiffs will be entitled to enforce the Consent Judgment by all means permitted by law.

## 4. Release

Upon receipt of the Settlement Amount of $50,000.00, the Plaintiffs shall immediately knowingly, voluntarily, and with prejudice, release and forever discharge Defendants of and from any and all known causes of action that could have been brought in this action, through the date of the execution of this Agreement, including, Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216(b); New York Labor Law §§ 652 and 663; New York Labor Law § 190; and 12 New York Codes, Rules and Regulations ("NYCRR") § 146.

### 5. Non-admission of Wrongdoing

The Parties agree that this Agreement is entered into as a settlement and compromise of vigorously disputed claims. Defendants wholly deny any liability. Accordingly, the Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at anytime for any purpose as an admission by Defendants of any liability or unlawful conduct of any kind.

### 6. Additional Representations

By signing this Agreement, Plaintiffs further acknowledge and agree that:

(a) Plaintiffs have consulted with an attorney before executing this Agreement;

(b) Plaintiffs have signed this Agreement freely and voluntarily and without duress or coercion and with full knowledge of its significance and consequences and of the rights relinquished, surrendered, released and discharged hereunder;

(c) The only consideration for signing this Agreement are the terms stated herein and no other promise, agreement or representation of any kind has been made to Plaintiffs by any person or entity whatsoever to cause Plaintiffs to sign this Agreement.

### 7. Entire Agreement

This Agreement contains the entire understanding between the parties, and neither is relying upon any representations or statements, written or oral, made by or on behalf of any party, which is not set forth herein.

### 8. Waiver and Modification

This Agreement, including this paragraph, may not be altered except by a writing signed by all parties. It may not be modified orally. This Agreement supersedes all prior agreements between the parties. No provision hereof may be waived unless in writing and signed by counsel for the parties.

### 9. Severability Clause

If any term or provision of this Agreement is held to be invalid or unenforceable, the remaining portions of this Agreement will continue to be valid and will be performed, construed and enforced to the fullest extent permitted by law, and the invalid or unenforceable term will be deemed amended and limited in accordance with the intent of the parties, as determined from the fact of the Agreement, to the extent necessary to permit the maximum enforceability or validation of the term or provision, provided, however, that upon any finding by a court of competent jurisdiction or governmental agency that any of the releases provided for in this Agreement are illegal, void, or unenforceable or not entered into knowingly and voluntarily or otherwise ineffective, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable or return the Settlement Amount paid under this Agreement at the sole discretion of the Defendants.

### 10. Stipulation of Dismissal

Plaintiffs and Defendants shall execute a Stipulation of Dismissal, with prejudice, which shall be filed with the United States District Court for the Southern District of New York upon execution of this Agreement.

### 11. Counterparts

This Agreement may be executed in more than one counterpart, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

### 12. Governing Law

This Agreement shall be governed by and interpreted in accordance with the laws of the State of New York without regard to New York's conflict of law provisions.

### 13. Translation

Plaintiffs state that they have had this document translated into Spanish, and that they understand and consent to the terms of this Agreement.

**IN WITNESS THEREOF,** the parties hereto knowingly and voluntarily executed this Settlement Agreement and Release as of the dates set forth below:

**Plaintiffs**

_____
Christian Gonzabay

_____
Manuel Berreondo

**Defendants**
CAPRI SOUTH ISLAND PIZZA CORP.
d/b/a CAPRI PIZZA & PASTA, and
ANGELO MACCHIA

By: _____
Capri South Island Pizza Corp. d/b/a Capri Pizza and Pasta

_____

9

Manuel Berreondo                                    Angelo Macchia


STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK )


On the 28 day of April 2016 before me personally came Christian Gonzabay, to be the individual described in and who executed the foregoing instrument, and acknowledged that he executed the same.

Notary Public _____

**LEONOR HIDALGO COYLE**
**Notary Public- State of New York**
**No. 02CO6213934**
**Commission Expires November 23, 2018**

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK )


On the 28 day of April 2016 before me personally came Manuel Berreondo, to be the individual described in and who executed the foregoing instrument, and acknowledged that he executed the same.

Notary Public _____

**LEONOR HIDALGO COYLE**
**Notary Public- State of New York**
**No. 02C06213934**
**Commission Expires November 23, 2018**

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF Westchester )


On the 27th day of April 2016 before me personally came Angelo Macchia to be the individual described in and who executed the foregoing instrument, and acknowledged that he executed the same.

Notary Public
Jenny Chavarri

JENNY CHAVARRI
Notary Public, State of New York
No. 01CH5058193
Qualified in Westchester County
Term Expires: 4/1/18

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| CHRISTIAN GONZABAY and MANUEL BERREONDO, <br><br> Plaintiffs, <br><br> - against - <br><br> CAPRI SOUTH ISLAND PIZZA CORP. d/b/a CAPRI PIZZA & PASTA and/or any other entities affiliated with or controlled by CAPRI SOUTH ISLAND PIZZA CORP., and ANGELO MACCHIA, individually. <br> Defendants. | Case No.: <br> 15-cv-07553(CS) <br><br> **CONSENT JUDGMENT** |
|---|---|

In accordance with the accompanying Settlement Agreement, the Court hereby renders Judgment as follows:

1.  Judgment is entered in favor of Plaintiffs Christian Gonzabay and Manuel Berreondo against Defendants Capri South Island Pizza Corp. d/b/a Capri Pizza & Pasta ("Capri") and Angelo Macchia (collectively referred to as "Defendants"), with a principal place of business of 228 South Highland Avenue, Ossining, New York 10562 in the amount of Fifty Thousand Dollars ($50,000.00).

2.  Defendants shall pay this Judgment in accordance with the terms and conditions of the accompanying Settlement Agreement and Release, which is incorporated herein by reference. So long as Defendants adhere to the terms and conditions of the Settlement Agreement, Plaintiffs shall take no action to enforce this Judgment by any other means.

3.  In the event of an uncured default under the Settlement Agreement, Plaintiffs may file a certification informing this Court of such failure. Upon the filing of such an affidavit, Plaintiffs will be entitled to enforce this Judgment by all means permitted by law. Plaintiffs will

further be entitled to reasonable professional fees, and costs associated with the enforcement of the Settlement Agreement and Release.

4. This Court expressly finds that there is no just reason for delay, and expressly directs the entry of final judgment.

5. This Court retains jurisdiction solely to enforce compliance with the terms of this Consent Judgment and the accompanying Settlement Agreement.

The undersigned parties stipulate to and request entry of this Consent Judgment.

**Plaintiffs**

_____
Christian Gonzabay

_____
Manuel Berreondo

**Defendants**
CAPRI SOUTH ISLAND PIZZA CORP.
d/b/a CAPRI PIZZA & PASTA, and
ANGELO MACCHIA

By: _____
Capri South Island Pizza Corp. d/b/a Capri Pizza and Pasta

_____
Angelo Macchia

**SO ORDERED:**

_____
Cathy Seibel, U.S.D.J.